1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ROBERT BENYAMINI,

11          Plaintiff,                         No. CIV S-11-2916 GEB EFB P

12          vs.

13  SAHOOTA, et al.,

14          Defendants.                   ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17  § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18  pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19  § 636(b)(1).

20  **I.      Request to Proceed In Forma Pauperis**

21          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22  Dckt. No. 4.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

23  (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

24  collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25  § 1915(b)(1) and (2).

26  ////

1

1  **II.      Screening Requirement and Standards**

2          Federal courts must engage in a preliminary screening of cases in which prisoners seek

3  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7  relief."  *Id.* § 1915A(b).

8          In order to avoid dismissal for failure to state a claim a complaint must contain more than

9  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

10  of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

13          Furthermore, a claim upon which the court can grant relief has facial plausibility.

14  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

15  content that allows the court to draw the reasonable inference that the defendant is liable for the

16  misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

17  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

18  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

19  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

20          A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

21  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

22  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

23  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

24  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

25  ////

26  ////

1  **III.     Screening Order**

2          The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must

3  be dismissed because it does not comply with Rule 8.  The complaint names 19 defendants, and

4  concerns events alleged to have occurred as early as April of 2006, and as late as its filing date,

5  in November of 2011.  The rambling and disjointed allegations take the form of a single

6  handwritten paragraph spanning thirteen pages.  The allegations are so vague and conclusory that

7  the court cannot determine where one alleged incident giving rise to a claim stops and another

8  begins.  Additionally, none of the defendants are identified as such in the body of the complaint,

9  and it is far from clear what claims plaintiff intends to assert against each defendant.  Because

10  the complaint is so prolix and convoluted, the court cannot reasonably discharge its screening

11  responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in

12  Rule 8.  This rule requires the pleader to set forth his averments in a simple, concise, and direct

13  manner.  Before undertaking to determine whether the complaint may have merit, the court must

14  insist on plaintiff's compliance with Rule 8, and will accordingly dismiss the complaint with

15  leave to file an amended complaint that contains only "a short and plain statement" of his claims.

16  *See McNeil v. United States*, 508 U.S. 106, 113  (1993) (federal rules apply to all litigants,

17  including prisoners lacking access to counsel); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)

18  (encouraging "firm application" of federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d

19  1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative,

20  prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-

21  pleaded claim, which could be "read in seconds and answered in minutes").

22          Accordingly, if plaintiff wishes to continue this litigation he must file an amended

23  complaint.  A prisoner pursuing civil rights claims without counsel, like all other litigants, is

24  required to obey the court's orders, including an order to amend his pleading.  *Ferdik v.*

25  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th

26  Cir. 2002).  Plaintiff's failure to obey the court's orders and the local and federal rules and meet

1   his responsibilities in prosecuting this action may justify dismissal, including dismissal with

2   prejudice. *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's

3   failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291

4   F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order

5   requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D.

6   Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with

7   prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d

8   1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to

9   prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without

10  prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of

11  any change of address).

12      Should plaintiff choose to file an amended complaint, the amended complaint must

13  clearly set forth the claims and allegations against each defendant.  It must also adhere to the

14  following requirements:

15      The amended complaint must be complete in itself without reference to the original

16  complaint. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once

17  plaintiff files an amended complaint, the earlier complaints are superseded.

18      The complaint must contain a short and plain statement as required by Fed. R. Civ. P.

19  8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

20  notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev.*

21  *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

22  particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.*  It is

23  plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at

24  1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

25      The complaint must identify as a defendant only persons who personally participated in a

26  substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588

4

1   F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional

2   right if he does an act, participates in another's act or omits to perform an act he is legally

3   required to do that causes the alleged deprivation).

4       It must also contain a caption including the name of the court and the names of all

5   parties.  Fed. R. Civ. P. 10(a).

6       Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The

7   controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, []

8   as independent or as alternate claims, as many claims . . . as the party has against an opposing

9   party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1

10  should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against

11  different defendants belong in different suits, not only to prevent the sort of morass [a multiple

12  claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

13  filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

14  appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C.

15  § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P.

16  20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction

17  requirements are satisfied).  Any amended complaint may not change the nature of this suit by

18  alleging new, unrelated claims.  *George*, 507 F.3d at 607 (no "buckshot" complaints).

19      Accordingly, the court hereby orders that:

20      1.  Plaintiff's request to proceed in forma pauperis is granted.

21      2.  The complaint is dismissed with leave to amend within 30 days.  The amended

22  complaint must bear the docket number assigned to this case and be titled "First Amended

23  Complaint."  Failure to comply with this order will result in a recommendation that this action

24  ////

25  ////

26  ////

1  be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will

2  proceed with service of process by the United States Marshal.

3  Dated:  May 7, 2012.

4

5                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26